Wachtler, J. (concurring).
I agree with the majority that the record reveals that the Surrogate did not rely on the minimum fee schedule in setting the attorney’s fee in this case. However, I do not think it is wise to reach out in this case in order to decide that the minimum fee schedule would be exempt from the scope of the applicable antitrust laws. I do not believe, as does the majority, that the courts’ regulation of “ professional conduct ” which involves matters of ethical concern, should be interpreted as an implicit attempt to narrow the scope of an antitrust statute aimed at economic regulation.
The issue of whether the legal profession in general or Bar Associations in particular constitute a business, trade, or furnishing of services within the meaning of the antitrust laws is a question which I feel should be left for a case where the issue is posed more directly. (See, e.g., Goldfarb v. Virginia State Bar, 355 F. Supp. 491.)
Judges Jasen, Gabrielli, Jones, Rabin and Stevens concur with Chief Judge Bbeitel ; Judge Waohtler concurs in a separate opinion.
Order affirmed, with costs to all parties appearing separately and filing separate briefs payable out of the estate.